UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ERICKSON'S DRYING SYSTEMS, INC.,
as Assignee of Riviera Fort Myers Condo
Assn., Inc.,

    Plaintiff,

v.                                          Case No. 2:11-cv-581-FtM-99SPC

QBE INSURANCE CORPORATION,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 13) and Plaintiff's Memorandum in Opposition (Dkt. 15). The Court, having reviewed the motion, response, and being otherwise advised of the premises, concludes that the motion should be denied.

## BACKGROUND

The instant matter arises from an alleged breach of insurance contract, coverage by promissory estoppel, and declaratory action related to Plaintiff's claims that Defendant has not paid benefits for damages resulting from a July 2010 loss. The Amended Complaint alleges the following factual allegations which the Court must accept as true at the motion to dismiss stage. Riviera Fort Myers Condo Association, Inc. ("Riviera") was an insured under a policy of insurance issued by Defendant QBE Insurance Corporation ("QBE" or

"Defendant"). Plaintiff Erickson's Drying Systems, Inc. ("Erickson's or Plaintiff") is the assignee of the insurance contract.

In July of 2010, <u>prior to the assignment of insurance benefits,</u> Riviera suffered a covered loss at the insured property. The loss was caused by water intrusion into the insured premises. Riviera notified Defendant of the loss. Riviera hired Plaintiff, a water extraction company, to remove water from the subject property. Riviera and Plaintiff also entered into an assignment of the insurance contract. After being notified of the loss, Defendant sent adjusters to examine the property and informed Plaintiff and Riviera that it would pay for the entire "dryout" of the building (Dkt. 11 at ¶13). At no time did Defendant advise Plaintiff or Riviera that the work Plaintiff performed on the building was not covered. Rather, Defendant and its agents made explicit statements to Plaintiff and Riviera that Defendant would pay for all of the work under the subject policy.

After Plaintiff completed the work on the subject property, Defendant informed it that it would not pay for unspecified portions of the work performed.

This case is at issue upon Defendant's motion to dismiss. Defendant argues that the assignment of the subject insurance policy between Riviera and Plaintiff is contractually barred by the subject policy's language that the insured may not transfer its rights and duties under the policy without Defendant's written consent. Defendant also argues that Plaintiff's promissory estoppel claim fails as a matter of law because the amended complaint does not contain allegations of fraud.

The Court concludes that Defendant's motion must be denied because, under Florida law, a post-loss assignment of an insurance claim is permitted and an allegation of fraud is not an essential element of a promissory estoppel claim.

## **STANDARD OF REVIEW**

Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). Nonetheless, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). While in the ordinary case a plaintiff may find the bar exceedingly low to plead only more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action," it is clear that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1959, 1965; *see also Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974, n.43 (11th Cir. 2008) (noting the abrogation of the "no set of facts" standard and holding *Twombly* "as a further articulation of the standard by which to evaluate the sufficiency of all claims"). Absent the necessary factual allegations,

"unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## DISCUSSION

### I.   Plaintiff's Contractual Claims - Counts I and III of the Amended Complaint

Defendant argues that the anti-assignment clause contained in the subject insurance policy between Defendant and Riviera precludes Plaintiff's contractual claims. In other words, Defendant contends that Plaintiff does not allege that Defendant consented to the assignment between Plaintiff and Riviera. However, Defendant acknowledges that Florida law is clear that an insured can assign rights to an insurance policy even in the presence of an anti-assignment clause if the assignment occurs after the loss. *See West Florida Grocery Co. v. Teutonia Fire Ins. Co.*, 77 So. 209, 210-11 (Fla. 1917); *Continental Cas. Co. v. Ryan Inc. Eastern*, 974 So. 2d 368 (Fla. 2008). Plaintiff's amended complaint contains an allegation that the assignment occurred after the loss. Thus, Defendant's motion as to this issue is without merit.[1]

Defendant's remaining arguments are completely devoid of merit. Defendant spends a lot of time discussing facts with respect to Riviera's lack of cooperation with respect to the claim and how this would implicate Plaintiff's entitlement to coverage, as the assignee of the claim. However, at this time there are no facts before the Court that either Riviera or Plaintiff breached the subject policy's cooperation clause. Moreover, it would be

---

[1] Defendant appears to have missed the allegation in the amended complaint that the assignment occurred after the loss because it argues that this allegation must be pled in order to state a claim in Counts I and III.

inappropriate for the Court to consider this argument at the motion to dismiss stage, where it must assume the truth of the allegations.

Accordingly, Defendant's motion to dismiss with respect to Counts I and III of the amended complaint must be denied.

## II.     Plaintiff's Promissory Estoppel Claim - Count II

Promissory estoppel requires proof that: (1) the promisor made a representation as to a material fact that is contrary to a later-asserted position; (2) the promisee reasonably relied on the representation; and (3) the promisee changed his or her position to his or her detriment based on the representation. *See, e.g., Romo v. Amedex Ins. Co.,* 930 So. 2d 643, 650 (Fla. 3d DCA 2006) (*citing FCCI Ins. Co. v. Cayce's Excavation, Inc.,* 901 So. 2d 248, 251 (Fla. 2d DCA 2005)).

Defendant argues that Plaintiff's promissory estoppel claim fails because, generally, insurance coverage cannot be extended by estoppel and the amended complaint is devoid of any allegations of fraud. Defendant's argument lacks merit under the facts alleged in this case. Specifically, although it is the general rule that insurance coverage cannot be extended by estoppel, Florida law is clear that a promissory estoppel claim is an exception to this general rule. *See JN Auto Collection, Corp. v. U.S. Sec. Ins. Co.*, 59 So. 3d 256, 257-58 (Fla. 3d DCA 2011). In *JN Auto Collection*, the court stated: "[p]romissory estoppel should be applied where to refuse to enforce the promise 'would be virtually to sanction the perpetration of fraud or *would result in other injustice*.'" *Id.* (emphasis added) (citations omitted).

Here, Plaintiff alleges that Defendant knew that Plaintiff was performing work on the subject property, told Plaintiff that it would pay for the work, knew or should have known that Plaintiff would rely on Defendant's express promise to pay, and Plaintiff relied on Defendant's promises to its detriment. Plaintiff also alleges that it would not have performed the services if Defendant had informed it that it would not pay for the work. These allegations are sufficient to state a promissory estoppel claim.

Accordingly, Defendant's motion to dismiss with respect to Count II must be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss (Dkt. 13) is DENIED.

2. Defendant shall file an answer to the amended complaint within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on February 13, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\J-Gunlach\2-11-581.mtdismiss13.frm