UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERICKSONS DRYING SYSTEMS,
INC., as Assignee of Riviera Fort Myers
Condo Assn., Inc.

       Plaintiff,

v.                                         Case No:  2:11-cv-581-FtM-99SPC

QBE INSURANCE CORPORATION,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court on Riviera Ft. Myers Condominium Association, Inc.'s Motion to Intervene (Doc. #29) filed on September 25, 2012. Plaintiff Erickson's Drying Systems Corporation and Defendant QBE Insurance Corporation filed a Joint Response in Opposition to Riviera Ft. Myers Condominium Association Inc.'s Motion to Intervene and Incorporated Memorandum of Law (Doc. #32) filed on October 4, 2012. Thus, the Motion is now ripe for review.

The instant matter arises from an alleged breach of insurance contract, coverage by promissory estoppel, and declaratory action.  Plaintiff Erickson's Drying Systems Corporation (Ericksons) claims Defendant QBE Insurance Corporation (QBE) has not paid benefits assigned to it by Riviera Ft. Myers Condominium Association, Inc. (Riviera) for damages resulting from a July 2010 water and fire loss.  Riviera makes its motion to intervene as of right under Fed. R.

Civ. P 24(a) and, alternatively, to intervene with the Court's permission under Fed. R. Civ. P 24(b).

### 1. Intervene as of Right

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> [u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a). Intervention as of right under Rule 24(a)(2) must be granted when four requirements are met: (1) the application to intervene is timely; (2) the applicant has an interest relating to the property or transaction which is the subject of the action; (3) the applicant is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant's interest will not be represented adequately by the existing parties to the suit. Fox v Tyson Foods, Inc., 519 F. 3d 1298, 1302-1303 (11th Cir. 2008); Sierra Club, Inc. v. Leavitt, 488 F. 3d 904, 910 (11th Cir. 2007); TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002).

*Timeliness*

Rule 24(a) imposes a timeliness requirement on motions to intervene, however, unlike timing elements in some other Federal Rules, the actual time limits are not set out in Rule 24(a). *See* Heaton v Monogram Credit Card Bank of Georgia, 297 F.3d 416 (5th Cir. 2002) (holding that timeliness is determined from all the circumstances). Generally Courts consider four factors

in making a determination of timeliness: (1) length of delay in seeking intervention; (2) prejudicial impact of such delay on the existing parties; (3) prejudice to the intervenor if intervention is denied; and (4) other factors affecting fairness in an individual case. *See* Steven Baicker-Mckee, William M. Janssen, and John B. Corr, Federal Civil Rules Handbook 2005, Pt. III 551 (West 2005) (a brief but through discussion with relevant citations of law regarding timing issues under Rule 24). The case has been pending for about a year and, since no party disputes that Riviera timely filed its motion to intervene, we consider each remaining criteria in turn.

*Interest Relating to Property or Transaction which is the Subject Matter of the Action*

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Donaldson v. U.S., 400 U.S. 517, 531, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971). In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." Worlds v. Dept. of Health and Rehabilitative Servs., 929 F.2d 591, 594 (11th Cir.1991) (quoting Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982)). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." Chiles, 865 F.2d at 1214.

Riviera argues that it should be allowed to intervene by right as Riviera has an interest relating to the transaction. Riviera had an insurance contract with QBE to insure coverage for loss or damage to its property. Riviera contracted with Ericksons for water extraction and repairs to its property and assigned its insurance rights, benefits or proceeds to Ericksons for the post-loss repair drying work. Riviera argues that it "only assigned Erickson the right to certain

3

insurance proceeds for the post-loss repair drying work that Erickson did and billed." (Doc. 29, ¶ 6). Furthermore, Riviera argues that it "did not assign Erickson the right to insurance proceeds for this loss from which Erickson did not perform and bill for repairs." (Doc. 29, ¶ 6). Riviera has not articulated what Ericksons has claimed as insurance proceeds.

However, in this instant case, Ericksons seeks only the payment for its repair work done under the assignment by Riviera to Ericksons. It is clear that Riviera gave up any "direct, substantially, legally protectable interest" in this proceeding it may have previously had when it executed the assignment on July 10, 2010. Specifically, the assignment granted by Riviera to Ericksons provides as follows:

> <u>Assignment of Insurance Benefits and Direct Payment Authorization</u>: I hereby assign any and all insurance rights, benefits, and proceeds under *any* applicable insurance policies to Erickson's Inc. I also hereby authorize direct payment of any benefits or proceeds to Erickson's. I make this assignment and authorization in consideration of Erickson's agreement to perform services and supply materials and otherwise perform its obligations under the contract, including not requiring full payment at the time of service, I also hereby direct my insurance carrier(s) to release any and all information requested by Erickson's, its representatives, or its attorney to the direct purpose of obtaining actual benefits to be paid by my insurance carrier(s) for services rendered or to be rendered. In this regard, I waive my privacy rights. If payment is made directly to the Owner/Agent by an insurer, it shall be endorsed over to Erickson's within three business days. I agree that any portion of work, deductibles, betterment, depreciation or additional work requested by the undersigned, not covered by insurance, must be paid by the undersigned on or before its completion. I hereby appoint Erickson's as attorney-in-fact, authorizing Erickson's to endorse my name, and to deposit insurance checks or drafts for Erickson's. Payment terms to Erickson's are net-30 days. Late charges of 1.5% monthly are charged to any and all unpaid balances. Erickson's shall be entitled to reimbursement for costs of collection (including reasonable attorney's fees and costs) of unpaid amounts by Owner/Agent and for reasonable attorney's fees and costs for the breach, or enforcement, or any terms of this entire service agreement.

(Doc. #32-1).

Based on the language of this assignment, Riviera is precluded from intervening in this action. Additionally, Riviera conceded that it assigned Ericksons the right to certain proceeds for

4

the post-loss repair drying work that Ericksons did and billed. Riviera also conceded this fact that it has no right to the benefits pursuant to the assignment. This pending case is about the benefits assigned to Ericksons that arose out of this work performed and billed for by Erickons, not about the additional proceeds that Riviera seeks and is pursuing in state court. The Court notes that Riviera has a state court claim pending against QBE for the proceeds, and thus Riviera's interest in the proceeds is protected.

Riviera's has failed to show that it maintains an interest in the subject of this action, the second prong, and a review of the other requirements for intervention is unnecessary. As such, Riviera has no right to intervene as a matter of right.

## 2. Permissive Intervention

A court may grant a nonparty permission to intervene when the nonparty files a timely motion and "is given a conditional right to intervene by federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." <u>Florida Wildlife Federation, Inc. v. Johnson</u>, 2009 WL 248078 *2 (N.D. Fla. February 2, 2009) (citing Fed. R. Civ. P. 24(b)). The Rule continues, "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." A nonparty seeking to intervene with the court's permission must state an interest that is related to the action pending before the court. <u>Mt. Hawley</u>, 425 F.3d at 1312 (affirming the denial of a nonparty's motion for permissive intervention where the nonparty's purpose was not directly related to the underlying action). A district court has broad discretion in deciding whether to let a nonparty intervene under Rule 24(b), even when the nonparty has met the requirements of the rule. <u>Worlds v. Department of Health & Rehabiltation Services</u>, 929 F.2d 591, 595 (11th Cir.1991

The facts and law at issue in the present action involve whether QBE is responsible for insurance coverage to Ericksons, a water extraction company hired by Riviera, under an insurance contract assignment relating to damages Riviera sustained from a July 2010 loss. While these claims obviously take root in Riviera's loss, the issues of fact and law surrounding them depend on different claims Riviera alleged in its state court action[1]. The parties in this case are litigating the benefits assigned to Ericksons that arose pursuant to the assignment. Riviera seeks to recover the insurance proceeds under its insurance policy with QBE. Thus, this case only involves the rights assigned pursuant to Riviera's assignment to Ericksons, not the insurance policy Riviera seeks to recover from. As such, the issues of fact and law surrounding Riviera's claim are different from this law and issues in this instant case.

Additionally, Riviera's intervention would create undue delay and prejudice considering that it no longer retains any interest whatsoever. The parties in this case have already come to a settlement. *See* Doc. #25.  The Court has granted the Stipulation of Settlement, pending the appraisal award. (Doc. #26). Riviera's intervention could frustrate the settlement entered into and cause undue delay. Thus, Riviera will not be allowed permission to intervene. Therefore, Riviera is denied intervention, both of right and permissive.

Accordingly, it is now

**RESPECTFULLY RECOMMENDED:**

Riviera Ft. Myers Condominium Association, Inc.'s Motion to Intervene (Doc. #29) is **DENIED**. Failure to file written objections to the proposed findings and recommendations

---

[1] Riviera has brought action against QBE Insurance in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, alleging breach of contract for failure to pay Riviera benefits under the insurance contract. Riviera Ft. Myers Condominium Association, Inc. v. QBE Insurance Corporation, Case No. 12-CA-00207.

contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Respectfully recommended** at Fort Myers, Florida this 30th day of October, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record